CARPENTER, ROSS & LOCKETT *et als. v.* THE MECHAN-
ICS SAVINGS BANK *et als.*

STAY OF EXECUTION. *Appeal. Personal right.* The time allowed for ap-
peal or stay of execution gives a right personal to the defendant, or
person against whom the judgment is, and cannot ordinarily be taken
advantage of by third persons.

### FROM KNOX.

Appeal from the Chancery Court at Knoxville.
O. P. TEMPLE, Ch.

WASHINGTON, TAYLOR, LOGAN & LUCKEY for com-
plainants.

CORNICK & CORNICK for defendants.

TURNEY, J., delivered the opinion of the court.

On the 7th of February, 1876, the defendant, The
Mechanics Savings Bank, recovered judgment before a
justice against Ira Lovelace for the sum of $853.85.
On the same day Tully R. Cornick, jr., filed the fol-
lowing affidavit, viz:

"T. R. Cornick, jr., makes oath and says that he
is a stockholder and director of the Mechanics Sav-
ings Bank, and that he verily believes that the col-
lection of the judgment in the above case against Ira
Lovelace will be jeopardized unless instanter execution
is awarded," and asked for execution, which was issued

Carpenter *v.* Mechanics Savings Bank.

and levied upon the goods of Lovelace without objection on his part. At and about the same time various other judgments were rendered in the same way against Lovelace, in some of which executions were issued upon affidavits similar to that made by Cornick, and in others upon the written consent of Lovelace, and before the expiration of the time for stay or appeal, and all levied upon the same goods.

On the 8th of February, 1876, complainants recovered judgments before justices, and after the expiration of the time allowed for stay of execution, had executions to issue and be levied on the goods which had heretofore been seized under the executions in favor of defendants in this bill.

The bill charges "that all of the executions upon the affidavits aforesaid were issued contrary to law, are illegal and void, and of none effect, and that all proceedings thereunder are thereby vitiated," etc., and praying for injunction, and that said executions be declared iid, and complainants' debts be satisfied etc. The bill was demurred to, and demurrer overruled. The time given by statute to appeal for a judgment of a magistrate, or to stay execution, is a right personal to the defendant or person against whom the judgment has been rendered. The statute is intended to secure to that party an opportunity to procure security for the one or other step, as he may elect. The right to avail of this indulgence of the law is confined to the parties to the action, and cannot ordinarily be taken advantage of by third persons or strangers to the proceedings.

The qualification made by the act of 1835, Code, sec. 3011, can be enforced only by the defendant, and if he permit a plaintiff, for other causes than those assigned in that section, or in fact for no cause, to have execution issued before the time allowed for stay of execution has elapsed, no one else can complain of it, there being no fraudulent collusion between himself and his creditors to hinder or defeat other creditors. There is no charge of such fraudulent collusion. We have examined all the authorities to which we have been referred by complainants' solicitors, and think none of them in conflict with the view we have taken of this case.

The decree of the Chancellor overruling the demurrer is reversed, the demurrer sustained, and bill dismissed.